## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Uncommon LLC, | ) |
| | ) |
| Plaintiff, | ) Case Number: _____ |
| | ) |
| | ) DEMAND FOR JURY TRIAL |
| v. | ) |
| | ) |
| UncommonGoods LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

### I.   NATURE OF THE CASE

1.      This is an action for declaratory judgment that Plaintiff Uncommon LLC, which operates a website at www.getuncommon.com for selling or offering to sell high-end, customizable design cases for cellular phones, does not infringe any trademarks or other rights purportedly owned by Defendant UncommonGoods LLC, a seller of furniture and related accessories, jewelry, apparel and apparel accessories, and toys.  There is a need for such relief because Defendant has asserted that Plaintiff is infringing its rights in the "UncommonGoods," "Uncommon Goods," "UncommonGifts," and "Uncommon Gifts" trademarks.

### II.   PARTIES

2.      Plaintiff Uncommon LLC is a Delaware limited liability company with its principle place of business at 1032 W. Fulton Market, Suite 201, Chicago, Illinois 60607.

3.      Defendant UncommonGoods LLC is a Delaware limited liability company with its principle place of business at 140 58th Street, Building B, #5A, Brooklyn, New York 11220.

4.      S.G. Ventures, Inc is an Illinois corporation, not named as a party to this case, having a principal place of business at 1012 W. Lake Street, Chicago Illinois 60607.  S.G. Ventures applied for two trademark applications (a word mark and a stylized mark) for "UNCOMMON," and consented Plaintiff to use such marks for its products.

### III.    JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark action), and 2201 (Declaratory Judgment Act).

6.      The Court has personal jurisdiction over this action pursuant to the Illinois Long Arm Statute, 735 ILCS 5/2-209(a)(1)-(2) and (c) because, among other things, Defendant transacts business in this judicial district, at least by offering to sell, selling and/or advertising furniture and furniture related accessories, jewelry, apparel and apparel accessories, and toys at least through the Internet in such a way as to reach customers in Illinois and this district.

7.      In addition, Defendant and its counsel sent Plaintiff a letter dated June 11, 2010, which alleges that Plaintiff is infringing trademarks purportedly owned by Defendant.  Such correspondence from Defendant to Plaintiff was sent into the State of Illinois.

8.      Venue is proper under 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in this district, and a substantial part of the events giving rise to the claim occurred here.

9.      An actual case or controversy has arisen between the parties.  Defendant has: (a) threatened litigation against Plaintiff; (b) asserted that Plaintiff's use of the word mark and the stylized mark for "UNCOMMON" constitutes trademark infringement, false designation of origin, and unfair competition; and (c) filed oppositions seeking to deny registration of Plaintiff's

2

Trademark Application Serial Nos. 77/788,725 and 77/778,922. These actions have caused injury to Plaintiff and threaten further injury in the future.

## IV. PERTINENT FACTS

10.     Plaintiff Uncommon LLC operates a website at www.getuncommon.com for providing high-end, high resolution customizable design imprints on cases for cellular phones (*e.g.*, iPhone and Blackberry Smart Phones).

11.     Plaintiff's products, through its website www.getuncommon.com, received and continue to receive, rave reviews and enthusiastic support from the customers and potential customers who are seeking to purchase custom designed cases for their cellular phones. As such, on information and belief, the customers and potential customers became familiar with, and associate, the word "UNCOMMON" with Plaintiff's products and its website.

12.     As a direct result of popularity in Plaintiff's products and associated name "UNCOMMON" for same, entering a keyword "uncommon" on search engines, *e.g.*, Google, regularly displays Plaintiff's website, www.getuncommon.com, on the top placement of the search result.

13.     Plaintiff has not used, or does not use, any keyword placement tools or other search engine optimization services to raise its website rank on search engines.

14.     On July 10, 2009, S.G. Ventures filed a trademark application to register its "uncommon" word trademark on the Principal Register of the U.S. Patent and Trademark Office ("USPTO"). The trademark application has been designated as Serial No. 77/778,922 ("the '922 application"). A copy of the '922 application is attached hereto as Exhibit A.

15.     On July 24, 2009, S.G. Ventures filed a trademark application to register its "uncommon" design trademark with the USPTO, wherein the mark consists of a lower case "u" and "n" joined together so that the last portion of the "u" and the first portion of the "n" are shared, and the "common" is presented as standard character. This trademark application for the design mark has been designated as Serial No. 77/788,725 ("the '725 application"). A copy of the '725 application is attached hereto as Exhibit B.

16.     Both the '922 and '725 applications (collectively the "Uncommon Applications") seek registration of the trademark in Class 9 for "[c]arrying cases and bags designed for storage and transportation of consumer electronics, cellular phones, media players, laptop computers."

17.     The USPTO has examined the Uncommon Applications and approved them for publication, finding that both applications do not conflict with any other trademark registrations.

18.     Defendant operates a website at www.uncommongoods.com, and, on information and belief, sells furniture and furniture related goods, jewelry, apparel and apparel accessories, and toys.

19.     Defendant is, on information and belief, the owner of U.S. Trademark Registration No. 2,719,619 in Class 35 for "UNCOMMON GOODS." The registration indicates that it is for "[o]n-line retail store services featuring home furnishings, textiles, crafts, jewelry, food, apparel and apparel accessories, furniture, toys, and table tops." A copy of the trademark registration for "UNCOMMON GOODS" is attached hereto as Exhibit C.

20.     Defendant is, on information and belief, the owner of U.S. Trademark Registration No. 2,719,620 in Class 35 for "UNCOMMONGOODS." The registration indicates that it is for "[o]n-line retail store services featuring home furnishings, textiles crafts, jewelry,

food, apparel and apparel accessories, furniture, toys, and table tops." A copy of the trademark registration for "UNCOMMONGOODS" is attached hereto as Exhibit D.

21.    Defendant is, on information and belief, the owner of U.S. Trademark Registration No. 1,386,335 in Class 42 for "UNCOMMON GIFTS." The registration indicates that it is for "[r]etail mail order book and gift store services." A copy of the trademark registration for "UNCOMMON GIFTS" is attached hereto as Exhibit E.

22.    Defendant is, on information and belief, the owner of U.S. Trademark Registration No. 3,244,393 in Class 35 for "UNCOMMONGIFTS." The registration indicates that it is for "[o]nline retail store services featuring gifts, home and home décor accessories, office and home office accessories, home and garden accessories, furniture, watches and jewelry, flatware, dinnerware, glassware, collectibles, and general merchandise." A copy of the trademark registration for "UNCOMMONGIFTS" is attached hereto as Exhibit F

23.    The USPTO has not found that Defendant's registered trademarks for "UNCOMMON GOODS," "UNCOMMONGOODS," "UNCOMMON GIFTS," and "UNCOMMONGIFTS" conflict in any manner with Plaintiff's Uncommon Applications.

24.    On or about June 11, 2010, Defendant, by and through its counsel, served a Cease & Desist letter to Plaintiff threatening to initiate a lawsuit against Plaintiff based on federal trademark laws and the Lanham Act for, among other things, trademark infringement of its Registered Trademarks. A copy of the letter is attached hereto as Exhibit G.

25.    On or about June 21, 2010, Plaintiff contacted Defendant to reach an amicable resolution to Defendant's claim of trademark infringement, false designation of origin and unfair competition. Plaintiff advised Defendant that Plaintiff did not believe it had violated any of Defendant's rights. As such, Plaintiff offered to close the matter by adding a disclaimer on its

website www.getuncommon.com that Plaintiff is not affiliated with, sponsored or endorsed by Defendant, its products, or its website, www.uncommongoods.com. Plaintiff subsequently sent a copy of the draft letter to Defendant on June 24, 2010, which is attached hereto as Exhibit H.

26.     On June 29, 2010, Defendant emailed Plaintiff stating that "the attached Agreement does not sufficiently address the concerns reflected in our initial letter to you." A copy of the June 29th email from Defendant is attached hereto as Exhibit I.

27.     Accordingly, on June 30, 2010, Defendant emailed Plaintiff with renewed demands that required Plaintiff to:  (1) stop all use of "UNCOMMON" and its current styled format; (2) withdraw its '922 and '725 applications for the word mark "UNCOMMON" and the related design mark; and (3) agree not to use or seek registration for the word mark "UNCOMMON" and the related design mark.  A copy of the June 30th email from Defendant is attached hereto as Exhibit J.

28.     On July 27, 2010, Defendant initiated two opposition proceedings before the Trademark Trial and Appeal Board ("TTAB") seeking to deny registration of Plaintiff's Uncommon Applications.  Copies of Defendant's Notice of Oppositions are attached hereto as Exhibits K, and L.

29.     Defendant's opposition before the TTAB has damaged, and will continue to damage, Plaintiff's reputation and ongoing business relations with its customers, and potential customers.

### V.     REQUEST FOR DECLARATORY RELIEF

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 hereof as if set forth herein in full.

31. This is an action for a declaratory judgment and further relief against Defendant pursuant to 28 U.S.C. §§ 2201 and 2202.

32. Defendant has alleged, and Plaintiff denies, that Plaintiff's use of the word mark and the stylized mark for "UNCOMMON" infringe Defendant's Registered Trademarks.

33. Plaintiff is in the business of selling, offering to sell high-end, customizable design imprints on cases for cellular phones.

34. The visitors to Plaintiff's website are primarily interested in customizing and purchasing uniquely designed cases for cellular phones.

35. Defendant is in the business of selling furniture and furniture related accessories, jewelry, apparel and apparel accessories, and toys.

36. There is no likelihood that Plaintiff's customers or prospective customers will believe that it is affiliated with Defendant.

37. Defendant is unaware of any evidence of actual confusion as a result of Plaintiff's activities.

38. Plaintiff has not violated Defendant's rights, including any trademark rights, or committed unfair competition, by its use of the word mark and the stylized mark for "UNCOMMON."

39. Plaintiff is entitled to a declaratory judgment that it has not infringed any of Defendant's trademark rights, or committed unfair competition, by reason of its use of the word mark and the stylized mark for "UNCOMMON" in connection with its www.getuncommon.com website.

7

40.     Defendant's allegation of trademark infringement create a reasonable apprehension by Plaintiff that Defendant will file a lawsuit against Plaintiff asserting claims for trademark infringement under 15 U.S.C. § 1114.

41.     Likewise, Defendant's allegations of false designation of origin create a reasonable apprehension by Plaintiff that Defendant will file a lawsuit against Plaintiff asserting claims for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

42.     Defendant's allegations of infringement, false designation of origin, and unfair competition adversely affect Plaintiff and will continue to adversely affect Plaintiff because, until the Court makes a determination of Plaintiff's rights, Plaintiff will be in doubt as to its right to continue to use the word mark and the stylized mark for "UNCOMMON" for customized design cases for cellular phones, and other related products.

43.     Plaintiff is entitled to a declaratory judgment that it has not infringed any of Defendant's trademark rights, falsely designated origin, or committed unfair competition, by reason of its use of the word mark and the stylized mark for "UNCOMMON" for its customized design cases for cellular phones on its www.getuncommon.com website.


## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Uncommon LLC, prays for entry of a declaratory judgment against Defendant, UncommonGoods LLC, as follows:

A.     That the Court enter judgment declaring that Plaintiff's use of the word mark and the stylized mark for "UNCOMMON" do not constitute trademark infringement under 15 U.S.C. § 1114;

8

B.      That the Court enter judgment declaring that Plaintiff's use of the word mark and the stylized mark for "UNCOMMON" do not constitute false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

C.      That Defendant, its affiliates, agents, servants, employees, and attorneys, and any and all other persons in active concert or participation with them, be preliminarily and permanently enjoined from improperly interfering with Plaintiff's business, including from asserting in the United States Patent and Trademark Office or otherwise that Plaintiff's use of the word mark and the stylized mark for "UNCOMMON" violate any rights owned by Defendant;

D.      That Defendant be ordered to pay to Plaintiff an award covering Plaintiff's attorneys' fees, costs, and other expenses incurred as a result of this controversy; and

E.      That this Court grant such further and other relief as the Court deems just and proper.

DATED:  August 2, 2010                           Respectfully Submitted,


_____

Edward L. Bishop
ebishop@bishoppatents.com
Nicholas S. Lee
nlee@bishoppatents.com
BISHOP & DIEHL, LTD.
1320 Tower Road
Schaumburg, IL 60173
Tel:  (847) 925-9333
Fax:  (847) 925-9337

*Attorneys for Plaintiff Uncommon LLC*

9