IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Uncommon LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UncommonGoods, LLC,<br><br>　　　　　Defendant.<br>_____<br><br>UncommonGoods, LLC,<br><br>　　　　　Counter-Plaintiff,<br><br>v.<br><br>Uncommon LLC,<br><br>S.G. Ventures, Inc., and John Hong<br><br>　　　　　Counter-Defendant. | Civil Action No.: 1:10-cv-04818<br><br>Judge Ronald A. Guzman<br><br>Magistrate Judge Jeffery T. Gilbert |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, the following procedures shall be adopted for the protection of certain confidential business information and trade secrets that may be produced during discovery in this action:

1. The subject matter of this action may necessitate the disclosure of confidential business information and trade secrets. The term "Confidential Information" shall mean any

information or documents that constitute trade secrets or confidential business information, the confidentiality of which has been maintained by the party and the disclosure of which would result in a clear and serious injury to the party, relating to marketing and business strategies, customers and potential customers, finances, pending or future business plans or ideas, agreements or arrangements containing confidentiality provisions and private financial records contained in any document or thing produced, any interrogatory answer made by the party, and any deposition testimony taken, or any exhibit marked in this action, except published information of any origin and non-published information that is publicly available.

2. For the purposes of this Protective Order, "Documents" shall have the same meaning as defined in Rule 34 of the Federal Rules of Civil Procedure and shall include, but not be limited to, written, recorded or graphic matter, testimonial transcripts and things produced by any party or non-party in this action, and any portions of any briefs filed in these proceedings that quote from or summarize any of the foregoing.

3. The parties intend to produce during discovery certain documents and information that they believe, in good faith, constitute Confidential Information, the disclosure of which could result in injury to such party's competitive position and have a negative effect on its business dealings and market position.

4. All Confidential Information provided during the course of discovery in this action, whether by a party to this action or a third party, shall be used solely for purposes of prosecuting or defending the present litigation between the parties and for no other purpose without leave of court. The parties agree that this obligation to maintain the confidentiality of materials designated as "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEY'S EYES ONLY," as set forth below, shall survive any Order terminating or agreement settling this action.

5. The parties hereto may designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" as follows:

If any party wishes to designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" any information (1) contained in documents produced pursuant to a request for production of documents under the provisions of the Federal Rules of Civil Procedure, (2) contained in any document obtained by any party, (3) provided in an answer to an interrogatory or contained in a document produced in lieu thereof, (4) produced in response to a subpoena *duces tecum*, (5) provided by way of testimony, or (6) presented in any pleading or memoranda, the party shall make such designation:

(a) at the time any such information or copy of any such document is provided to the requesting party; or

(b) prior to or at the time any such document is produced for inspection; or

(c) in the case of testimony, at the time the testimony is given, or within thirty (30) days after the transcript of such testimony is available. During the thirty (30) day period after the transcript of such testimony is available, the transcript will be treated as being "CONFIDENTIAL - ATTORNEY'S EYES ONLY" until appropriate pages are designated as such or as "CONFIDENTIAL," or the thirty (30) day period expires.

6. All documents or information produced and designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" hereunder and all exhibits, tabulations, abstracts, summaries, compilations and work sheets that incorporate such documents or information, shall bear the designation "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" or the equivalent on each page.

7. Copies of any documents, and any information designated as "CONFIDENTIAL" pursuant to this Protective Order shall be dealt with in the following manner:

(a) Except as provided below, inspection and receipt of all such confidential documents and information shall be limited to "Qualified Persons," as that term is defined below. All such confidential documents and information shall be held in confidence by those inspecting or receiving them, shall be used only for purposes of this action, shall not be used for any business or competitive purpose or any other purpose and shall be disclosed to no one except Qualified Persons.

(b) Any copies of such Confidential Information, including, without limitation, confidential documents and transcripts of testimony containing Confidential Information, shall be at all times kept in the possession of Qualified Persons.

(c) There shall be no inspection or receipt of documents or information designated as "CONFIDENTIAL" by persons other than Qualified Persons, except by written agreement of counsel for the parties or by Order of the Court.

8. The term "Qualified Persons" means: the Court in this case and in any appeal therefrom; outside attorneys representing the parties to this action, limited to members and employees of the law firm of Bishop & Diehl, Ltd. for Plaintiff Uncommon LLC and Counter-Defendants S.G. Ventures, Inc. and John Hong, and of the law firm of Tolpin & Partners, PC for Defendant UncommonGoods, LLC; the individuals identified in Exhibit A to this Protective Order; experts and consultants retained on behalf of the parties pursuant to Paragraph No. 11; and court reporters and videographers present to record any Court proceedings or depositions in this action. The parties by mutual written agreement can add or remove individuals on Exhibit A without seeking leave of court. The individuals listed on Exhibit A shall be limited to officers

and directors of the respective parties and individuals who have a need to know and have access to confidential information for purposes of this litigation.

9. The parties recognize that some of the documents or information relating to financial matters, marketing strategies, and supplier and customer lists to be produced by one party may involve confidential business information that should not be seen by another party. The producing party may designate such documents or information with the legend "CONFIDENTIAL - ATTORNEY'S EYES ONLY" or the equivalent on each page and such documents or information shall be deemed a subclass of Confidential Information. Disclosure or receipt of documents or information designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be limited to the following individuals: the Court in this case and in any appeal therefrom; outside attorneys representing the parties to this action, limited to members and employees of the law firm of Bishop & Diehl, Ltd. for Plaintiff Uncommon LLC and Counter-Defendants S.G. Ventures, Inc. and John Hong, and of the law firm of Tolpin & Partners, PC for Defendant UncommonGoods, LLC; experts and consultants retained on behalf of the parties pursuant to Paragraph No. 11; and court reporters and videographers present to record any Court proceedings or depositions in this action.

10. Before any Confidential Information is disclosed to any individual identified in Exhibit A to this Protective Order; or to experts and consultants retained on behalf of the parties pursuant to Paragraph No. 11, such individual shall read this Protective Order and sign the "Agreement Concerning Material Covered by the Protective Order," attached hereto as Exhibit B.

11. Each party to this action shall give notice to the other party, in writing, of the identity of each expert or consultant and background information in the form of a curriculum

vitae to whom another party's Confidential Information, including information designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY," is to be given under the terms of this Protective Order at least five (5) business days before the disclosure of such Confidential Information to each such person. In the absence of a written objection by an opposing party given notice under this paragraph, disclosure of the Confidential Information to the person may be made upon execution of a written undertaking in the form attached hereto as Exhibit B. Counsel for a party shall be responsible for maintaining an executed copy of Exhibit B for each such expert or consultant.

12. Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" to the person the document identifies as an author or recipient of such document, or to any person that testimony shows to have already viewed the document or been told of its contents.

13. In the event that it is necessary for any party to file any document designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" in any pleading, motion, brief, appendix, or other paper filed with the Clerk of the Court, the party shall file a redacted copy of such document with the clerk and shall submit an unredacted copy of such document to the Judge's Chambers for *in camera* review, pursuant to Local Rule 26.2(e). The unredacted copy submitted for *in camera* review shall be within a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the document. Confidential documents or materials filed with or submitted to the Court will be handled in accordance with Local Rule 26.2(g).

14. Agreement to be bound by this Protective Order does not constitute a waiver of

the right to object to the designation of any discovery materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Any party to this action or any interested member of the public may challenge the designation of a document as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY". Prior to filing any motion challenging the designation of Confidential Information, a party proposing to make such a motion shall confer with counsel of the party who so designated the materials in a good faith effort to resolve the dispute without filing a motion. If the good faith effort to informally resolve the dispute fails, any party may challenge by motion any designation of a document or of testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." The party asserting confidentiality shall have the burden of establishing the need for confidentiality provided that party is provided with a written notice setting forth a particularized description of the documents or information for which relief from the designation of confidentiality is requested.

15. Any party may request the party asserting the confidentiality for:

(a) change in the designation of any document or information as "CONFIDENTIAL" to non-confidential;

(b) a change in the designation of any document or information as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" or the equivalent, to "CONFIDENTIAL" or non-confidential; or

(c) permission to disclose "CONFIDENTIAL" documents or information to persons in addition to those specified herein as Qualified Persons.

Such request shall be by written notice served on counsel for the party who designated the subject matter as Confidential Information. The written notice shall state the grounds for the request, contain a particularized description of the documents or information from which relief

from the designation of confidentiality is requested, and recite that the requested change shall occur or the requested permission shall be deemed granted, unless within twenty (20) days after service of such notice, an objection for good cause is served on the requesting party. The requested change shall occur or the requested permission shall be granted, unless within twenty (20) days after service of such notice, an objection for good cause is served on the requesting party. Thereafter, the objection shall be resolved by agreement of the parties or upon motion of the requesting party, determined by the Court.

16. A party receiving Discovery Materials designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not be obligated to challenge the propriety of that designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The Court may order the modification or removal of the designating party's designations at any time.

17. The inadvertent production or disclosure of any Confidential Information that has not been designated hereunder shall be without prejudice to a party's rights under this Protective Order, and each party shall retain the right thereafter to designate such Confidential Information. The terms of this Protective Order shall only apply to such Confidential Information used or disclosed after written notification of such designation.

18. No party shall be bound by this Protective Order as to any information:

(a) that it lawfully obtained independently of this litigation; or

(b) that is generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

19. Nothing in this Protective Order affects or alters the admissibility of any documents, testimony or other evidence at trial.

20. This Protective Order shall remain in effect after the termination or resolution of this action and the Court shall retain jurisdiction to enforce its terms, and to prevent or punish violations hereof.

21. Within 30 days after termination or settlement of this action, including all appeals, all materials and copies designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" or containing "CONFIDENTIAL" Information or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information shall be returned to the party producing such information or documents, together with any and all summaries, abstracts, notations and compilations containing any "CONFIDENTIAL" Information or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information, but excluding any materials that in the judgment of attorneys in possession of such materials are work product materials, as to which those attorneys will take reasonable steps to ensure the continued protection of Confidential Information contained therein.

22. In the alternative, within 30 days after termination of this action, such materials and copies may be shredded or disposed of in a manner to assure the destruction thereof and a declaration certifying such destruction or disposal shall be provided to the party producing such information.

23. Notwithstanding the above, counsel of record for each party may retain one copy of each document, pleading or deposition designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" solely for reference in the event of a dispute over the use or dissemination of said information or for reference in a dispute between counsel of record and his client.

24. All subsidiaries of and corporate entities related to the named parties in this

action shall be bound by the terms of this Protective Order to the same extent as the named parties.

The parties, through their counsel, hereby agree to the entry of the foregoing Protective Order:

| | |
|---|---|
| UNCOMMON LLC, S.G. VENTURES, INC., and JOHN HONG | UNCOMMONGOODS, LLC |
| By: _____ <br> Edward L. Bishop <br> Nicholas S. Lee <br> BISHOP & DIEHL, LTD. <br> 1750 East Golf Road, Suite 390 <br> Schaumburg, Illinois 60173 | By: _____ <br> Brett M. Tolpin <br> Mark R. Bagley <br> TOLPIN & PARTNERS, PC <br> 11 South LaSalle Street, Suite 2900 <br> Chicago, Illinois 60603 |
| *Attorneys for Plaintiff Uncommon LLC and Counter-Defendants S.G. Ventures, Inc. and John Hong* | *Attorneys for Defendant UncommonGoods, LLC* |
| Date: March 22, 2011 | Date: March 22, 2011 |

SO ORDERED this 30th day of March, 2011.

_____
Judge Ronald A. Guzman

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Uncommon LLC,<br><br>        Plaintiff,<br><br>v.<br><br>UncommonGoods, LLC,<br><br>        Defendant. | Civil Action No.: 1:10-cv-04818<br><br>Judge Ronald A. Guzman<br><br>Magistrate Judge Jeffery T. Gilbert |
| UncommonGoods, LLC,<br><br>        Counter-Plaintiff,<br><br>v.<br><br>Uncommon LLC,<br><br>S.G. Ventures, Inc., and John Hong<br><br>        Counter-Defendant. | |

**EXHIBIT A TO PROTECTIVE ORDER**

PLAINTIFF AND COUNTER-DEFENDANTS:

    John Hong, President of Uncommon, LLC

DEFENDANT:

    David Bolotsky, CEO of UncommonGoods, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Uncommon LLC,<br><br>      Plaintiff,<br><br>v.<br><br>UncommonGoods, LLC,<br><br>      Defendant.<br><br>UncommonGoods, LLC,<br><br>      Counter-Plaintiff,<br><br>v.<br><br>Uncommon LLC,<br><br>S.G. Ventures, Inc., and John Hong<br><br>      Counter-Defendant. | Civil Action No.: 1:10-cv-04818<br><br>Judge Ronald A. Guzman<br><br>Magistrate Judge Jeffery T. Gilbert |

### EXHIBIT B TO PROTECTIVE ORDER

### AGREEMENT CONCERNING MATERIAL COVERED BY THE PROTECTIVE ORDER ENTERED IN THIS ACTION

    I, the undersigned, hereby acknowledge that I have read the Protective Order entered in the action styled *Uncommon LLC v. UncommonGoods, LLC*, Civil Action No. 10 CV 4818; that I understand the terms thereof and agree to be bound by such terms. I shall not use (other than for purposes of the present action) or disclose documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" to anyone who is not

entitled to such under the terms of the Protective Order. I recognize and understand that improper use or disclosure of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" can lead to a finding of contempt of Court.

Date:_____ _____

Printed Name: _____

Address: _____

_____